UNITED STATES, Appellee,

v.

Richard G. BUTTON, Senior Airman,
U.S. Air Force, Appellant.

No. 66,097.

ACM 27290.

U.S. Court of Military Appeals.

Argued Nov. 13, 1991.

Decided March 11, 1992.

For Appellant: *Captain Richard W. Aldrich* (argued); *Colonel Jeffrey R. Owens* (on brief); *Major Bernard E. Doyle, Jr.*

For Appellee: *Captain Thomas E. Wand* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant claims that extrinsic evidence of a witness' prior inconsistent statement was erroneously admitted into evidence and that he was thereby prejudiced. For reasons set forth below, we agree that the evidence should not have been admitted but find no prejudice.

Consistent with his pleas, appellant was convicted by a military judge sitting as a general court-martial at Misawa Air Base, Japan, of committing indecent acts and willfully disobeying a command, in violation of Articles 134 and 90, Uniform Code of Military Justice, 10 USC §§ 934 and 890, respectively. Contrary to his pleas, he was also convicted of sodomy, in violation of Article 125, UCMJ, 10 USC § 925. He was sentenced to a bad-conduct discharge, confinement for 4 years and 8 months, forfeiture of $200.00 pay per month for 12 months, and reduction to E–1. The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence. 31 MJ 897 (1990). This Court granted review of the following issue:

WHETHER IT IS PERMISSIBLE UNDER MIL.R.EVID. 613 TO ADMIT EXTRINSIC EVIDENCE OF PRIOR INCONSISTENT STATEMENTS OF A WITNESS WHO TESTIFIES IN CONTRADICTION TO THEM WHILE ON THE STAND WHERE THE WITNESS ADMITS TO MAKING THE PRIOR INCONSISTENT STATEMENTS.

Appellant's stepdaughter, S, told her mother that appellant had sexually abused her. Mrs. Button took her daughter to the Security Police, where S repeated her story. S also made an oral statement to Special Agent (SA) Reeves, an agent of the Office of Special Investigations, and Ms. Snider–Myer, a social worker. Her Article 32 [1] testimony was recorded verbatim. At trial, S took the stand and recanted her statements that appellant had sexually abused her. She admitted making the prior inconsistent statements and testified that she had previously lied. The Government had the transcript of S's Article 32 testimony admitted into evidence [Mil.R.Evid. 801(d)(1), Manual for Courts-Martial, United States, 1984] and also had SA Reeves and Ms. Snider–Myer recount what S had told them.

Mil.R.Evid. 613(b) provides:

Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. This provision does not apply to admission of a party-opponent as defined in Mil.R.Evid. 801(d)(2).

This rule parallels Fed.R.Evid. 613(b). *See* Drafters' Analysis, Manual, *supra*, at A22–44 (Change 2). The question whether extrinsic evidence may be admitted under the rule after a witness has admitted the prior inconsistent statement is one of first impression before this Court. As there exists

no military precedent on point, we seek guidance from the federal courts. *See United States v. Powell*, 22 MJ 141, 143 (CMA 1986). *See also* Art. 36(a), UCMJ, 10 USC § 836(a).

 The Court of Military Review relied on *United States v. Soundingsides*, 820 F.2d 1232 (10th Cir.1987), in holding "that extrinsic evidence of a prior inconsistent statement should not be admitted for impeachment when (1) the declarant is available and testifies; (2) the declarant admits making the prior statement; and (3) the declarant acknowledges the specific inconsistencies between the prior statement and his or her in-court testimony." 31 MJ at 903. *See also United States v. Greer*, 806 F.2d 556 (5th Cir.1986). We agree.[2]

In adopting this interpretation of Mil.R.Evid. 613(b), we have considered that the "prevailing view" and "the more expedient practice" is to disallow extrinsic evidence of a prior inconsistent statement if the witness admits making the statement. *McCormick on Evidence* § 37 (E. Cleary 3d ed.1984). Accordingly, we find that SA Reeves' and Ms. Snider–Myer's testimony regarding S's statements to them were erroneously admitted.

 Although the testimony was inadmissible, no prejudice was suffered by appellant. As the court below found, S's Article 32 statement containing the same information was properly admitted into evidence without objection by the defense. Thus, appellant suffered no prejudice from the cumulative admission of SA Reeves' and Ms. Snider–Myer's testimony.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.

Judges CRAWFORD, GIERKE, and WISS did not participate.

---

1. Uniform Code of Military Justice, 10 USC § 832.

2. This rule is not absolute as there may be circumstances where the interests of justice require admission of the extrinsic evidence. This is not such a case.