UNITED STATES, Appellee

v.

Kenneth E. TAYLOR, Sergeant
U.S. Air Force, Appellant.

No. 95–0532.
Crim.App. No. 30599.

U.S. Court of Appeals for
the Armed Forces.

Argued May 22, 1996.

Decided Sept. 18, 1996.

For Appellant: *John A. Wickham* (argued); *Colonel Jay L. Cohen* and *Captain Todi S. Carnes* (on brief).

For Appellee: *Captain Libby A. Brown* (argued); *Colonel Jeffery T. Infelise* and *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted at Tinker Air Force Base, Oklahoma, of premeditated murder, burglary, and larceny, in violation of Articles 118, 129, and 121, Uniform Code of Military Justice, 10 USC §§ 918, 929, and 921, respectively. The convening authority approved the sentence of a dishonorable discharge, confinement for life, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. 41 MJ 701 (1995). We granted review of the following issues:

I

WHETHER THE APPEALS COURT'S FAILURE TO SET ASIDE APPELLANT'S CONVICTION VIOLATED HIS SIXTH AMENDMENT AND STATUTORY RIGHTS TO TRIAL BY A FAIR AND IMPARTIAL PANEL WHERE COLONEL [L], THE PRESIDENT OF APPELLANT'S COURT–MARTIAL, WAS SUBSEQUENTLY FOUND GUILTY OF COMMITTING NUMEROUS HEINOUS CRIMES CONTEMPORANEOUSLY WITH APPELLANT'S ALLEGED MISCONDUCT AND WAS UNDER INVESTIGATION FOR THOSE CRIMES AT THE TIME OF APPELLANT'S TRIAL.

II

WHETHER THE JUDGE IMPROPERLY ALLOWED TRIAL COUNSEL'S INSTRUCTION THAT "PRIOR CONSISTENT STATEMENTS OF ROWDEN AND BASSO COULD BE CONSIDERED FOR THEIR TRUTH," BECAUSE TRIAL COUNSEL FAILED TO LAY A PROPER FOUNDATION THAT SUCH STATEMENTS WERE MADE BEFORE THE MOTIVE TO FABRICATE AROSE.

We hold that appellant was not denied the right to a fair trial. Defense counsel waived any objection that the inconsistent statements could not be considered as substantive evidence. We also hold that there was no plain error in instructing the members concerning the prior consistent statements.

FACTS—ISSUE I

Appellant's trial began on February 2, 1993, and ended on February 12, 1993. On October 21, 1993, the president of appellant's court-martial, Colonel L, was convicted pursuant to his pleas of sodomy (7 specifications), two of which were with a child under the age of 16; conduct unbecoming an officer by having an illicit relationship with a male staff sergeant assigned to the colonel's unit; and committing indecent acts upon a male under the age of 16 (5 specifications), with an

adult male (6 specifications), and with the staff sergeant (3 specifications), in violation Articles 125, 133, and 134, UCMJ, 10 USC §§ 925, 933, and 934, respectively. Colonel L's adjudged and approved sentence extended to a dismissal and confinement for 7 years. These allegations obviously were not known or brought out at appellant's trial in February 1993.

The court below found that there were only two *voir dire* questions that

> Colonel L arguably could have failed to answer honestly: (1) "Is any member of the court aware of any other matter which the member believes may be grounds for challenge by either side against him? Negative response;" (2) "[D]o all of you have the frame of mind that you would want court members to have if the roles were reversed and you were accused of committing a crime. Are all of you in that impartial mindset? Affirmative response from all members."

41 MJ at 704.

### DISCUSSION OF ISSUE I

█ In the past we have addressed the question whether a court member's failing to respond or giving an incorrect response prejudiced the rights of the defendant. *United States v. Modesto,* 43 MJ 315 (1995); *United States v. Mack,* 41 MJ 51, 54–55 (CMA 1994), citing *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984). As the Supreme Court in *McDonough* stated:

> [T]o obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause. . . .

A case similar to the present one cited by both parties is *United States v. Aguon,* 851 F.2d 1158 (9th Cir.1988). Aguon discovered that a juror in her case pleaded guilty subsequent to her trial to a charge similar to that brought against the defendant "of taking kickbacks in connection with the letting of paving contracts. . . ." 851 F.2d at 1170. He

and the other jury members were only asked if there was "any reason why he . . . might not be able to be fair to both sides." The court affirmed Aguon's conviction. As in *Aguon,* here

> [t]here is no evidence of prejudice against [appellant]. There is no showing that [Colonel L] failed to answer honestly a material question. There is no evidence that at the time he was empaneled he knew he was under investigation, nor is there evidence of either his actual prejudice against [appellant] or words or actions that would show he might be prejudiced.

851 F.2d at 1170.

Thus, we hold that appellant was not denied a fair trial by impartial court members.

### FACTS—ISSUE II

When SGT Rowden was first·questioned by the police, he denied any involvement in the murder. It was only after he was pressed that he confessed to being an unwitting accomplice by supplying the murder weapon and becoming involved in a subsequent coverup. SGT Rowden had been tried and convicted of involuntary manslaughter prior to his testimony. To rebut SGT Rowden's testimony on cross-examination, the prosecution, with defense counsel's consent, played Rowden's videotaped statement he made to the civilian police. This statement, the defense argued, was inconsistent with Rowden's trial testimony. The testimony by other witnesses in the case indicated that Rowden could not have been outside and have heard two shots being fired. The statement also established Rowden's detailed knowledge of the crime, arguably because he was the perpetrator.

Basso voluntarily went to the police station days after the murder and wrote out a statement without being interrogated. The defense offered this statement at trial to rebut Basso's trial testimony that appellant said he killed the victim. In his statement to the police Basso never used the word "kill." Basso testified that he did not tell the police earlier because he was scared of appellant. However, cross-examination established that their work schedules were such that they

were never at home at the same time; thus, the defense argued the fear was unjustified.

The judge gave the following instructions:

You have heard evidence that the witnesses, Mr. Michael Basso and Sergeant Eric V. Rowden made statements prior to trial that may be inconsistent in part with their testimony at trial. If you believe that *inconsistent statements* were made, you may consider the inconsistencies in evaluating the believability of the testimony of these witnesses. You *may not*, however, consider the *prior* statements as evidence of the truth of the matters contained in those portions of the prior statements. On the other hand, you have also heard evidence that those witnesses may have made statements prior to trial that may be *consistent* with their testimony at this trial. You *may consider* prior consistent statements, if any, as evidence of the *truth* of the matters expressed therein.

(Emphasis added.)

The defense now argues that the inconsistent statements should be considered for the truth of the matter stated as they fall under the co-conspirator rule. Mil.R.Evid. 801(d)(2)(E), Manual for Courts–Martial, United States (1995 ed.). Final Brief at 22. This theory was not advanced at trial because they did not want appellant tagged as a co-conspirator at that time.

The defense argues that prior consistent statements could not be considered for the truth of the matter stated because the prosecution failed to establish that the "statements were made before the motive to fabricate arose." Final Brief at 28.

During the discussion on proposed findings instructions, the following colloquy took place:

MJ  Very well. Let me ask you this— Now that you've had a thorough chance to examine these instructions, are there any objections to the instructions?

TC  From the United States, Your Honor, no objections and no requests for additional instructions.

MJ  What about over on the Defense side?

DDC  Your Honor, we have one objection that we would note for the record which concerns the prior inconsistent statement instruction on Page 11.2.

MJ  Yes?

DDC  Our objection goes to the line regarding "considering the matters contained in those portions of the prior statements for their truth," we would request that line be withdrawn based on the provisions in Note 1 of Instruction 7–11 in DA Pamphlet 27–9.[1]  As for—

MJ  Well, isn't that solid law that when one impeaches the testimony of a witness or attempts to with prior inconsistent statements and then there are prior consistent statements offered, then prior consistent statements can be considered for the truth of the matters stated consistent with his testimony in court?  Is that not an accurate statement of the law?

DDC  Yes, Your Honor, and the inconsistent statements made can be considered for the truth of the matter if the exceptions in Note 1 are met.  It's the Defense's contention that on the part of Mr. Basso, the impeachment was made through a sworn OSI statement and for the impeachment of Sergeant Rowden, that statement that he was impeached with was a voluntary confession that he had made while he was an accused.  So,

1.  Paragraph 7–11, Military Judge's Benchbook at 7–17 (Dept. of the Army Pamphlet 27–9 (May 1982)) provides:

Note 1.  if [sic] evidence of an inconsistent statement is admissible to establish the truth of the matter asserted in the statement, as when (1) it is evidence of a voluntary confession of a witness who is the accused, (2) it is a statement of the witness which is not hearsay such as a prior statement made by the witness under

oath subject to the penalty of perjury at a trial, hearing, other proceeding, or in a deposition, (3) it is a statement of the witness otherwise admissible as an exception to the hearsay rule, or (4) the witness testifies that his inconsistent statement is true and thus adopts it as part of his testimony, the last sentence of the above instruction should not be given.  In such a case the judge should explain to the court members the additional purpose for the admission of such evidence as may be applicable.

it's our request that we remove that line that the court members are able to consider the inconsistent statements for their truth as well.

TC Well, Your Honor, neither statements were offered by the Defense for that particular purpose. They were offered solely for impeachment purposes and I think the instruction as proposed to be given is consistent with the law in this area.

MJ Well, very well, so do I. I have carefully evaluated the testimony of both those witnesses and the allegation that parts of statements may be inconsistent, parts may be consistent and so on and I believe this instruction is a fair, accurate statement of the law for the facts of this case and, accordingly, I will instruct as I have provided.

Anything further?

TC Sir, did you want to go into the Findings Worksheet?

MJ Well, anything further with the instructions?

TC No, Sir.

DDC No, Sir.

## DISCUSSION OF ISSUE II

On appeal the defense argues that the judge was wrong as to the instructions on inconsistent and prior consistent statements, wanting the converse as to each. These arguments involve two Military Rules of Evidence—613(b) and 801(d).

Mil.R.Evid. 613(b), taken "without change" from the Federal Rule,[2] provides:

*Extrinsic evidence of prior inconsistent statement of witness.* Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Mil.R.Evid. 801(d)(2).

Mil.R.Evid. 801(d), taken "without change" from the Federal Rule,[3] provides:

*Statements which are not hearsay.* A statement is not hearsay if:

(1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person; or

(2) *Admission by party-opponent.* The statement is offered against a party and is (A) the party's own statement in either the party's individual or representative capacity, or (B) a statement of which the party has manifested the party's adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment of the agent or servant, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

■ A. *Prior Inconsistent Statement.* When a witness denies making a prior inconsistent statement, the opponent may call another witness to introduce extrinsic evidence through testimony or a document of the prior statement, that is, the denial may be disproved by a third party. Mil.R.Evid. 613(b). When a witness' prior inconsistent statement is offered for impeachment, it is not being offered for its truth.

**2.** Drafters' Analysis, Manual for Courts–Martial, United States (1995 ed.) at A22–46.

**3.** Drafters' Analysis, Manual, *supra* (1995 ed.) at A22–49.

The fact that extrinsic evidence is permissible under Mil.R.Evid. 613(b) [4] does not mean that the prior statement is admissible as substantive evidence. Moreover, the opponent need not follow up the questioning of the witness by introducing extrinsic evidence. *United States v. Gholston,* 10 F.3d 384, 388 (6th Cir.1993). However, when "the witness admits making" the prior statement, it may not be proved by extrinsic evidence. *United States v. Gibson,* 39 MJ 319, 324 (CMA 1994); *United States v. Button,* 34 MJ 139, 140 (CMA 1992). Even if the witness admits the prior statement, it is only admissible for impeachment purposes. *United States v. Severson,* 49 F.3d 268, 272 (7th Cir.1995).

For contrast, many prior inconsistent statements may be admitted for the truth of the matter stated:

- sworn "hearing" statement. Mil.R.Evid. 801(d)(1)(A), *see, e.g., Fenske v. Thalacker,* 60 F.3d 478, 481 (8th Cir.1995);

- prior identification. Mil.R.Evid. 801(d)(1)(C);

- admission of a party-opponent. Mil.R.Evid. 801(d)(2); and

- statement otherwise admissible as an exception to the hearsay rules. Mil.R.Evid. 803 or 804.

The only objection at this trial was to the prior inconsistent statement instruction. The defense, citing Note 1 in the Benchbook, 44 MJ at 478, wanted the prior inconsistent statement admissible as substantive evidence. However, Note 1 was not applicable.[5] As to (1), the prior statements were not a voluntary confession by *the* accused, and they did not qualify under (2) because they were not made at a "trial, hearing, [or] other proceeding" subjecting the declarants to perjury. *Cf.* Mil.R.Evid. 801(d)(1)(A). As to the third basis for admissibility ("an exception to the hearsay rule"), certainly the defense was not arguing as they are on appeal that it was admissible as a statement of a co-conspirator. In fact, the defense theory at trial was that it was Rowden who committed the offense and not appellant. Clearly, the last instruction the defense wanted was an instruction that Rowden was a co-conspirator with appellant because that would make appellant responsible for Rowden's acts. As to (4), this Court has indicated that even if the witness adopts the prior statement, it is not admissible as "substantive evidence." *United States v. Gibson,* 39 MJ at 324; *United States v. Button,* 34 MJ at 140.

**B.** *Prior Consistent Statement.* As to the second portion of the instructions, prior consistent statements may be admitted for their truth but only if the statements were made prior to a motive to fabricate. *Tome v. United States,* 513 U.S. 150, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995). Thus, the statement must have been made before the alleged improper influence or improper motive to fabricate arose.

The defense contention on appeal is that the prior consistent statements were not admissible as substantive evidence because there was no showing that the declarants made their statements prior to a motive to fabricate. *Tome v. United States, supra.* However, because there was no objection, absent plain error, there is waiver. RCM 920(f). Failure to exclude the statements or give the instruction was not a "plain," "clear," or "obvious" error that affected the substantial rights of the defendant. *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993); *see also United States v. Curtis,* 44 MJ 106, 140 (1996); *United States v. Toro,* 37 MJ 313, 316 (CMA 1993). Since the defense counsel introduced Basso's statement and joined in introduction of Rowden's pretrial statement,

---

4. The language in Mil.R.Evid. 613(b), Manual for Courts–Martial, United States (1995 ed.), that "the witness [must be] afforded an opportunity to explain or deny the same" is a modifier of the last sentence of the Rule, which states: "This provision does not apply to admissions of a party-opponent as defined in rule 801(d)(2)." Advisory Committee Notes to Fed.R.Evid. 613(b). The provision does not require admission of extrinsic evidence.

5. *See* n. 1, *supra.*

we hold that there was no plain error that affected appellant's substantial rights.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX, Judges SULLIVAN and GIERKE, and Senior Judge EVERETT concur.