**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David J. SEVERSON and John Steele,**
**Defendants–Appellants.**

**Nos. 94–2287, 94–2315.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1995.

Decided Feb. 17, 1995.

Rehearing Denied in No. 94–2287 March 14, 1995.

Rehearing Denied in No. 94–2315 May 4, 1995.

Robert Anderson, Asst. U.S. Atty. (argued), Madison, WI, for U.S.

Morris D. Berman (argued), Giesen & Berman, Madison, WI, for David Severson.

David E. Lasker, Julian, Olson & Lasker, Madison, WI, for John L. Steele.

Before BAUER, CUDAHY and KANNE, Circuit Judges.

BAUER, Circuit Judge.

David J. Severson and John Steele appeal from a judgment of the district court denying their motions for a new trial based on newly discovered evidence. We affirm.

## I.

Because the facts of this case are set forth in detail in our prior opinion, *United States v. Severson,* 3 F.3d 1005 (7th Cir.1993), familiarity with which is assumed, we will not repeat them except as necessary to our discussion. A jury convicted Severson and Steele of one count of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court enhanced the defendants' offense levels under the Sentencing Guidelines for obstruction of justice on the ground that the defendants had perjured themselves at a pretrial suppression hearing and at trial. The district court also denied the defendants' motions to reduce their sentences for acceptance of responsibility. We affirmed their convictions on direct appeal but vacated their sentences. On the day of oral argument, the defendants had filed motions requesting that we take judicial notice of a letter the defendants had received from Assistant United States Attorney ("AUSA") Robert A. Anderson informing the defendants of the possible existence of exculpatory material as defined in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and

*Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). *Severson,* 3 F.3d at 1012. Since this new information was potentially relevant to the obstruction of justice increase and the acceptance of responsibility denial, we remanded the defendants' sentences for further findings on these issues. *Id.* at 1013.

Following our decision, the government provided the defendants with a copy of a memorandum dictated by AUSA Christopher Van Wagner on May 20, 1993, concerning a conversation between Van Wagner and Madison Police Detective Linda Draeger on April 30, 1993. This conversation occurred while Van Wagner and Draeger were travelling to Madison from Chicago by car. (Although Van Wagner did not prosecute the defendants, he participated in a portion of the pretrial suppression hearing when AUSA Anderson was unavailable.) The memorandum stated that Draeger, who arrived at Steele's house shortly after his arrest on November 3, 1991, was "disgusted" with the behavior of Madison Police Sergeant Mark Bradley and Drug Enforcement Administration Agent Jerome Becka that day. Draeger observed Bradley and Becka question the arrestee harshly with their guns drawn and pointed at the arrestee's head. Draeger also observed Bradley and Becka tell the arrestee that if he did not cooperate, he would never see his wife and children again and "would go straight to jail, where he would be sodomized repeatedly by other inmates." These observations corroborated, to some extent, the pretrial testimony of the defendants that they had been threatened by their arresting officers and induced to cooperate by false promises that they would not be prosecuted, which Bradley and Becka denied.

Draeger and Van Wagner testified at an evidentiary hearing before a United States magistrate judge. During the hearing Draeger denied making the statements attributed to her by Van Wagner in the memorandum. Van Wagner testified that he had no independent recollection of his conversation with Draeger, and his recollection was not refreshed by the memorandum. The defendants filed motions for dismissal of their indictment, for a new trial, and for reduction

of their sentences following the hearing. The magistrate judge issued a report recommending that all of the defendants' motions be denied. The defendants objected. The district court adopted the magistrate judge's report and recommendation and reimposed a sentence of eighty-seven months' imprisonment followed by four years of supervised release for each defendant. On appeal, the defendants challenge only the district court's denial of their motion for a new trial.

## II.

We review a district court's denial of a motion for a new trial for an abuse of discretion. *United States v. Reed,* 986 F.2d 191, 193 (7th Cir.1993). A defendant who requests a new trial based on newly discovered evidence which does not involve perjury must show that the evidence (1) came to his knowledge only after trial; (2) could not have been discovered sooner had due diligence been exercised; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a new trial.[1] *United States v. Young,* 20 F.3d 758, 763 (7th Cir.1994) (citation omitted). The district court held that the defendants had failed to satisfy the third and fourth prongs of this test in denying their motion.

The defendants first challenge the district court's ruling that the statements attributed to Draeger in the Van Wagner memorandum could not be admitted as substantive evidence at a new trial under the hearsay rule. Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted, Fed.R.Evid. 801(c), and the memorandum fits this definition. The defendants, however, assert that the memorandum is admissible under several exceptions to the hearsay rule set forth in the Federal Rules of Evidence, which we will address in turn.[2]

The defendants contend that the memorandum is Van Wagner's recorded recollection under Rule 803(5). Rule 803(5) provides that a memorandum may be read into evidence, and may be received as an exhibit if offered by an adverse party, if the memorandum (1) concerns a matter about which the witness once had knowledge but now has insufficient recollection to testify fully and accurately; and (2) was made or adopted by the witness when the matter was fresh in the witness' memory and reflects that knowledge correctly. *See United States v. Lewis,* 954 F.2d 1386, 1393 n. 6 (7th Cir.1992). The district court concluded that the memorandum is not a recorded recollection because Van Wagner's testimony at the hearing indicated that he did not dictate it when the matter was fresh in his memory.

In our view, however, the admissibility of the memorandum as a recorded recollection does not depend upon Van Wagner's memory at the time of dictation. The out-of-court statements that the defendants seek to admit through the memorandum are those of Draeger, not Van Wagner, and Draeger's statements are hearsay within hearsay. Under Rule 805, both levels of hearsay must come within exceptions to the hearsay rule for hearsay within hearsay to be admissible. The defendants do not contend that the

---

1. The defendants assert that the test set forth in *Larrison v. United States,* 24 F.2d 82, 87–88 (7th Cir.1928) applies to their motion because the Van Wagner memorandum discloses false pretrial testimony of Bradley and Becka. Under this test, a new trial should be granted when (1) the court is reasonably well satisfied that the testimony given by a material witness is false; (2) the jury might have reached a different conclusion absent the false testimony or if it had known that testimony by a material witness was false; and (3) the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial. *Reed,* 986 F.2d at 192–93 (citations omitted). This test does not apply to the defendants' motion because the memorandum does not disclose false testimony.

The memorandum merely corroborates the pretrial testimony of the defendants, which the district court was free to, and did, disbelieve. *See Larrison,* 24 F.2d at 87 (the test applies when there has been a complete recantation of the witness' testimony).

2. Although the defendants correctly point out that the Federal Rules of Evidence do not apply at pretrial suppression hearings, *see* Fed.Rules Evid. 104(a), 1101(d)(1); *United States v. Raddatz,* 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424 (1980); *United States v. Matlock,* 415 U.S. 164, 172–74, 94 S.Ct. 988, 993–95, 39 L.Ed.2d 242 (1974), this has no bearing on whether the memorandum is admissible at a new trial.

memorandum contains Draeger's recorded recollection, and for good reason. "A third party's characterization of a witness's statement 'does not constitute a prior statement of that witness unless the witness has subscribed to that characterization.'" *United States v. Schoenborn*, 4 F.3d 1424, 1427 (7th Cir.1993) (citation omitted). Draeger has never adopted the statements in the memorandum. At the evidentiary hearing Draeger denied both the accuracy of and making the statements. The statements thus are not Draeger's recorded recollection under Rule 803(5).

■ The defendants also contend that Draeger's statements are admissible under the catch-all exceptions to the hearsay rule, Rules 804(b)(5)[3] and 803(24).[4] The defendants' argument that the statements are admissible under Rule 804(b)(5) fails because Draeger is not unavailable as a witness. Fed.R.Evid. 804(a). The statements are also inadmissible under Rule 803(24) because the defendants have not shown that the statements have "circumstantial guarantees of trustworthiness" equivalent to the other hearsay exceptions set forth in Rule 803. The record instead demonstrates just the opposite: Draeger has not adopted the statements, her testimony at the evidentiary hearing refuted their accuracy, and Van Wagner

questioned at the hearing whether the memorandum accurately reflected his conversation with Draeger.

■ We also reject the defendants' argument that Draeger's statements are admissible as substantive evidence under Rule 613(b) for two reasons.[5] First, Draeger has not adopted the statements as her own. *Schoenborn*, 4 F.3d at 1429 n. 3. Second, even if there was such an adoption, the statements would only be admissible at a new trial to impeach Draeger's testimony, not to prove the truth of the matters asserted. Rule 613(b) is not an exception to the hearsay rule, and extrinsic evidence is admissible under Rule 613(b) only for purposes of impeachment. *Owen v. Patton*, 925 F.2d 1111, 1113 n. 1 (8th Cir.1991); *see also United States v. Marks*, 816 F.2d 1207, 1210–11 (7th Cir.1987). The district court did not abuse its discretion in denying the defendants' motion for a new trial because the memorandum is newly discovered evidence which is, at most, "merely impeaching." *Young*, 20 F.3d at 763.

■ The district court, as an alternative ground for its denial of the defendants' motion, concluded that the defendants had failed to show that the memorandum would probably lead to an acquittal in the event of a new trial. *See id.* We agree. Our prior opinion

3. Rule 804(b)(5) provides in relevant part:
   **(b) Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

   \* \* \* \* \* \*

   **(5) Other exceptions.** A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

4. Rule 803(24) provides in relevant part:
   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   \* \* \* \* \* \*

   **(24) Other exceptions.** A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial

guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

5. Rule 613(b) provides in relevant part that "[e]xtrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require."

described the overwhelming evidence of the defendants' participation in the conspiracy presented at trial. *Severson,* 3 F.3d at 1010. The memorandum did not undermine any of this evidence and could merely have been used to impeach the credibility of a witness, Draeger, whom none of the parties called at trial.

■ The defendants next contend that they were denied a full and fair evidentiary hearing before the magistrate judge in violation of the Due Process Clause of the Fifth Amendment. "The guarantees of due process call for a 'hearing appropriate to the nature of the case.'" *United States v. Raddatz,* 447 U.S. 667, 677, 100 S.Ct. 2406, 2413, 65 L.Ed.2d 424 (1980) (citation omitted). Draeger and Van Wagner were subpoenaed by the defendants and testified under oath at the hearing. The defendants extensively cross-examined both witnesses. The defendants called an additional witness, Lynda Sawa, to testify concerning her observations outside Steele's house on the day of his arrest. The defendants also had the opportunity to cross-examine three witnesses called by the government to rebut the accuracy of the memorandum. The magistrate judge asked each defendant at the close of the hearing whether they wished to present any other evidence, and both said "no." The hearing allowed the defendants to fully explore all issues relating to the memorandum and clearly satisfied the "flexible concepts of due process." *Id.*

■ The defendants assert that the evidentiary hearing should have been conducted by the district court rather than the magistrate judge. This argument was not raised in the district court and therefore has been waived. *E.g., United States v. DeMaio,* 28 F.3d 588, 591 (7th Cir.1994). Even if the defendants had preserved the argument, it is without merit. The magistrate judge's authority to conduct the hearing under 28 U.S.C. § 636(b)(1)(B) violates neither the Due Process Clause of the Fifth Amendment nor Article III. *See Raddatz,* 447 U.S. at 677–84, 100 S.Ct. at 2413–17.

■ The defendants also contend that the district court violated 28 U.S.C. § 636(b)(1)(C) by failing to conduct a *de novo* review of the portions of the magistrate judge's report and recommendation to which they had objected.[6] The district court, however, was not required by either the statute or the Constitution to conduct another hearing in order to review the magistrate judge's findings, including his credibility determinations. *Id.* at 673–84, 100 S.Ct. at 2411–17; *see also United States v. Rodriguez,* 888 F.2d 519, 521 (7th Cir.1989) (adoption of the magistrate judge's report does not imply that the district court failed to conduct a *de novo* review). The district court issued a sixteen-page memorandum order in which it thoroughly discussed the defendants' objections as well as the reasons for the increases in their sentences for obstruction of justice and denial of their requests for a reduction for acceptance of responsibility. There is no indication that the district court failed to conduct a *de novo* review of the contested portions of the magistrate judge's report.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

6. Section 636(b)(1)(C) provides:
   [T]he magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
   Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.