UNITED STATES of America, Plaintiff,

v.

**David Charles SMITH, Defendant.**

No. 98–30012.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 30, 1998.

---

Patrick D. Hansen, Springfield, IL, for Plaintiff.

Michael J. Costello, Springfield, IL, for Defendant.

## *OPINION*

RICHARD MILLS, District Judge.

We deal here with a limited aspect of the broader topic of law and technology: third party consent to search a computer.

Despite the prevalence of computers today, this issue has received surprisingly little judicial attention.

## I. BACKGROUND

The Defendant was charged in a two-count indictment with receiving and possessing child pornography. The alleged child pornography was recovered from a computer that was located in the bedroom of a house located at 7 Prince Drive, Sherman, Illinois. Defendant resided at that house along with Cindy Ushman and her two daughters. This search was conducted pursuant to a conversation between officers and Ms. Ushman in which Ms. Ushman advised the officers that they had her permission to go into the premises and to search the computer.

Defendant brought a motion to suppress the evidence found in the computer, contending that the search of the computer was conducted illegally because the consent given by Ms. Ushman did not extend to a search of the computer in the bedroom. The matter

was referred to Magistrate Judge Byron G. Cudmore. After briefings by the parties and an evidentiary hearing, Magistrate Judge Cudmore issued a Report and Recommendation in which he recommended that the Motion to Suppress be denied.

Defendant timely filed his Objections to Magistrate Judge's Report and Recommendation. Defendant objects to most of the Report and Recommendation, including: (1) that Cindy Ushman's consent to search the computer and the common area where the computer was located was voluntary and valid; (2) that the officers reasonably believed that Ms. Ushman had authority to consent to the search of the computer; (3) that the computer was not password protected; (4) the Magistrate Judge's conclusion that Ms. Ushman testified that her daughter, Erin, had used the computer when Defendant was not present; (5) that the computer was located in a common area, accessible to other members of the family; (6) that the children's games found near the computer supported a finding that Defendant lacked exclusive and possessory control of the computer; (7) that Cindy Ushman was not prohibited from using the computer; (8) that Defendant's testimony was not credible; (9) that the officers had a reasonable basis to believe that consent existed pursuant to *Illinois v. Rodriguez*, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).[1]

## II. FACTS

The testimony establishes the following facts. On June 21, 997, Defendant, Ms. Ushman and Ms. Ushman's two daughters were on vacation in Arizona. Ms. Ushman confronted Defendant with accusations that he had molested Heather, who was Ms. Ushman's daughter and was eighteen years old at the time. After the confrontation, Defendant left Arizona to return to Illinois. Ms. Ushman telephoned the Sherman, Illinois Police Department and spoke to Sergeant Jeffrey Bailey about the molestation. She also spoke to Officer Keith Ushman, who was a Springfield, Illinois police officer, about the molestation and about the alleged child pornography on the computer that Defendant had shown to Heather.

At approximately 1:30 a.m. on June 2, 1997, Officer Ushman contacted Sergeant Johnson of the Sangamon County Sheriff's Department and informed him of the molestation and of the possibility that child pornography could be found in the computer. Officer Ushman also expressed concern that because Defendant had left Arizona and was heading back to Illinois, evidence could be altered or destroyed by Defendant.

Sergeant Johnson then contacted Ms. Ushman in Arizona and asked her if officers could enter her home to secure any evidence regarding the crimes alleged. Sergeant Johnson asked for permission to search the house and the area of the computer and the computer itself. Ms. Ushman provided a code number to Sergeant Johnson so that the officers could open the garage door and then enter the house through an unlocked door leading from the garage into the house. She also gave directions through the house to the computer.

Sergeant Johnson contacted Officer Marcolini of the Sherman Police Department to obtain his assistance in securing the residence until Sergeant Johnson could arrive. Officer Marcolini called Sergeant Bailey who also came to the residence.

At approximately 2:00 a.m., Sergeants Johnson and Bailey and Officer Marcolini entered the residence, using the code provided by Ms. Ushman. They proceeded through the house to the computer, which was located in a small alcove in the master bedroom. Sergeant Bailey then telephoned Assistant State's Attorney Karen Tharp and inquired as to the necessity for a warrant to search the computer. Sergeant Johnson also spoke to ASA Tharpe, who stated that in her opinion no warrant was needed due to the consent given by Ms. Ushman. Sergeant Johnson then called James Gasparin, an employee of the Sangamon County Sheriff's De-

---

1. Some of Defendant's Objections are overlapping or duplicative. The Objections will, therefore, not be addressed in the sequence presented by Defendant. Rather, all the objections will be resolved in the following discussion.

partment, to gain access into the computer and examine its contents.

Upon Mr. Gasparin's arrival, the computer was turned on or activated. Mr. Gasparin testified that the computer was not password protected. By using the DOS operating system, Mr. Gasparin testified that he was able to access graphics files on the computer that contained pornographic images. The officers testified that the images appeared to them to be minor boys and girls engaged in sexual acts. After again calling ASA Tharp, the computer and related equipment were seized.

In addition, on June 4, 1997, officers served an order of protection on Defendant. Ms. Ushman gave the officers consent to search a desk in the bedroom, where what appeared to be a suicide note was found.

Ms. Ushman testified that her younger daughter, Erin, would use the computer and that the area where the desk was located was open to the rest of the house. There were no doorways or other entranceways between the alcove where the computer was located and the bedroom. Ms. Ushman had placed mail on the desk in the alcove. She also testified that Defendant had attempted to teach her the use of the computer. In addition, Ms. Denise Walls, sister of Defendant, testified that if the officers were allowed access to DOS immediately, then the password protection must have been deactivated.

Further, officers observed children's games, including one called "Math Blaster," near the computer at the time of the search. Defendant also indicated that other software was found on the computer, including children's software.

Defendant testified that prior to the date of the search, he had removed the passwords from the hardware but had kept the passwords in place on the software. But he also admitted that certain graphics files could have been viewed without the need for passwords. Neither Mr. Gasparin nor the FBI examiner who later examined the computer found any passwords on the computer system.

## III. STANDARD OF REVIEW

■ The District Court must review de novo the Magistrate Judge's findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(C). *See United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). However, the District Court need not re-hear testimony or conduct new hearings; the District Court may make its determination based on the record. *See U.S. v. Hardin,* 710 F.2d 1231, 1234 (7th Cir. 1983); *U.S. v. Severson,* 49 F.3d 268, 273 (7th Cir.1995) (citing *U.S. v. Raddatz,* 447 U.S. 667, 677, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).

## IV. BURDEN OF PROOF

■ The Government must prove by a preponderance of the evidence that the consenting third party voluntarily consented and possessed common authority over the item or area searched. *See U.S. v. Lechuga,* 925 F.2d 1035, 1041 (7th Cir.1991) (citing *U.S. v. Colonia,* 870 F.2d 1319, 1323 (7th Cir.1989)); *Illinois v. Rodriguez,* 497 U.S. 177, 181, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). It is the defendant's burden, however, to persuade that the private party was actually acting as an agent of law enforcement. *See U.S. v. Shahid,* 117 F.3d 322, 325 (7th Cir.1997) (citing *U.S. v. McAllister,* 18 F.3d 1412, 1417–18 (7th Cir.1994)).

## V. ANALYSIS

Defendant appears to assert three objections to the search in question: (1) that Ms. Ushman did not voluntarily give her consent, (2) that Ms. Ushman was acting as an agent of law enforcement, and (3) that Ms. Ushman's consent, even if voluntary and valid, did not extend to the search of the computer.

### A. Voluntariness

■ The first argument is without merit. The appropriate test for voluntariness is whether, taking into consideration all the circumstances, the consent arose from duress or coercion. *See United States v. Rosario,* 962 F.2d 733, 738 (7th Cir.1992). Here, Ms. Ushman (while in Arizona)contacted law enforcement officials in Illinois via telephone. The officers did not initiate this contact, but

did, of course, follow up on Ms. Ushman's concerns. There are no indications that Ms. Ushman's consent was not voluntary. Instead, both Ms. Ushman and Sergeant Johnson testified that she gave her consent when she was asked if officers had her permission to enter the home. In short, the uncontradicted testimony given in this case demonstrates by a preponderance of the evidence that Ms. Ushman's consent was voluntary.

## B. Private Action

 Defendant seems to argue that Ms. Ushman was acting in some sort of law enforcement capacity or as an agent of law enforcement. The criteria used to show that a person acted as an agent of law enforcement include whether the government knew of and acquiesced in the intrusive conduct and whether the private party's purpose was to assist law enforcement. *See Shahid* at 325 (quoting *U.S. v. Feffer,* 831 F.2d 734, 737 (7th Cir.1987)). Other factors include whether the private party acted at the request of government and whether the government offered a reward. *See Shahid* at 325 (citing *U.S. v. McAllister,* 18 F.3d 1412, 1417–18 (7th Cir.1994); *U.S. v. Koenig,* 856 F.2d 843, 847 (7th Cir.1988)). Here, the uncontradicted testimony indicates that Ms. Ushman, while in Arizona, contacted officials in Illinois via telephone. There is simply no indication that she was recruited by law enforcement officials or was offered any reward or other incentives. The evidence indicates that she was not acting as an agent of law enforcement either at the time of the initial search or at the time that the Order of Protection was served. Thus, Defendant cannot carry his burden on this issue.

## C. Scope of Consent

The issue of the scope of Ms. Ushman's consent to search the computer requires a bit more analysis. Ms. Ushman's authority to consent to the search of the computer in her bedroom depends upon whether she possessed either actual authority to consent or apparent authority to consent.

## I. Actual Authority

The general rule regarding third party consent is that the "consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." *United States v. Matlock,* 415 U.S. 164, 170, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). This authority rests not on notions of formal property rights, but instead "on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that others have assumed the risk that one of their number might permit the common area to be searched." *Matlock,* 415 U.S. at 171, n. 7, 94 S.Ct. 988.

It is important to note that this Circuit has adopted the view that it is not *actual* use of an item or area that enables one to give consent to a search of the area, but rather the authority to use, control over, or access to the specific item or area, whether or not that authority, control or access is actually exercised. *See U.S. v. Duran,* 957 F.2d 499, 505 (7th Cir.1992). For example, in *Duran,* a panel of this Circuit held that the wife of the defendant could consent to a search of a barn that she did not use and in which she did not even keep any of her belongings. Because the barn was accessible to her and she could, if she wished, enter the barn, she possessed authority to consent to the search.

██ In this case, the Court is satisfied that the government has carried its burden of showing by a preponderance of the evidence that Ms. Ushman did maintain joint access to or joint control of the computer and surrounding area. The computer was located in an open, accessible area of her bedroom. In addition, children's toys were located there and children's software was actually stored on the computer. Also, the computer was also occasionally used in Defendant's absence. It is also clear, as the testimony reflects, that Ms. Ushman was not prohibited from accessing the alcove in her own bedroom. For example, Ms. Ushman testified that she entered the alcove area to place mail there and also indicated that De-

fendant had tried to teach her to use the computer.

Furthermore, it is important to note that none of the officers who searched the computer found passwords on the computer. This belies Defendant's claim of exclusive and possessory control and indicate that Ms. Ushman could consent to the search of the home and computer and that the consent extended to the computer area and the computer itself.

*2. Apparent Authority*

 Also, the Government argues that even if Ms. Ushman lacked the requisite actual authority to consent to a search of the computer, an alternative basis for validating the search is Ms. Ushman's apparent authority to consent to the search.

A warrantless search is valid where the police reasonably believe, based on all the circumstances, that the consenting party had the requisite authority over the premises. *See Illinois v. Rodriguez,* 497 U.S. 177, 185, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).

Here, based on the facts and circumstances as they appeared to the officers on the morning of June 2, 1997, it is clear that the officers reasonably believed that Ms. Ushman could consent to a search of the computer and area around the computer. She provided explicit directions to the computer. She lived in the house and used the bedroom. The computer and desk where the computer was located were not closed off from the bedroom and were not locked away. Instead, the computer area was easily accessible to family members. The children's toys were located around the computer, indicating that family members had access to the computer. Also, officers took the extra precaution of contacting Ms. Tharpe, an Assistant State's Attorney, before proceeding to search the computer. All these circumstances indicate that the officers had a reasonable belief that Ms. Ushman possessed the requisite authority to consent to the search of the computer and computer area.

CONCLUSION

Ms. Ushman gave her consent voluntarily, and she was not acting as an agent of law enforcement. Also, the search of the computer in this case was valid. Ms. Ushman could consent to a search of the computer because the evidence indicates that she had actual authority over the computer and surrounding area. Also, as an alternative ground for validating the search, even if it were true that Ms. Ushman lacked the actual authority to consent to the search, she did possess apparent authority based on all the facts and circumstances.

*Ergo,* for the reasons stated herein, the Magistrate Judge's Report and Recommendation is ADOPTED, Defendant's Objections to Report and Recommendation of Magistrate Judge are DENIED and Defendant's Motion to Suppress Evidence is hereby DENIED.