No. 3--00--0190

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2001

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 12th Judicial Circuit,

       )  Will County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 97--CF--5127

  )

RAYMOND E. HARRIS,              )  Honorable

  )  Daniel J. Rozak,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

JUSTICE McDADE delivered the Opinion of the Court

________________________________________________________________

A Will County jury convicted defendant Raymond E. Harris of unlawful possession of a controlled substance (cocaine) (720 ILCS 570/402(c) (West 1996)).  The court subsequently sentenced defendant to 24 months' probation.  Defendant appeals.  The sole issue on review is whether the trial court erred in denying defendant's pre-trial motion to quash arrest and suppress evidence.  We reverse defendant's conviction.

FACTS

Defendant was a passenger in an automobile driven by Keith Weathersby on the afternoon of September 27, 1997.  Weathersby made an illegal left turn from Route 53 onto Mills Road.  Will County Deputy Sheriff Vernard Reed observed the maneuver and activated the overhead emergency lights of his squad car to pull the vehicle over.  Reed approached and asked Weathersby for his driver's license and proof of insurance.  Weathersby said he did not have his license on his person.  He gave a false name because his license was revoked.  Reed ran a computer check of the false identification through county dispatch, which was returned showing no valid driver's license.  When he returned to the Weathersby vehicle, Reed again spoke with Weathersby.  Weathersby then gave his true name and date of birth and told Reed that he had lied at first because his license was revoked.  Although Reed had observed no suspicious conduct on defendant's part, he asked defendant for identification.  Defendant handed Reed a state identification card.  Reed ran another computer check and learned that there was an active warrant for defendant's arrest for failure to appear in court.  

Reed then placed defendant under arrest and conducted a search of his person.  Reed found a pea-sized rock of cocaine in defendant's pocket and a "Chore Boy," which Reed said could be used to smoke crack cocaine.  A subsequent search of Weathersby's vehicle resulted in the discovery of another rock of cocaine in the back seat.  Consequently, both men were charged with unlawful possession of a controlled substance.  

 At the suppression hearing, Reed testified that he asked defendant for identification because he intended to get an I-bond issued for Weathersby and avoid a tow by releasing the vehicle to defendant if he had a valid driver's license.  Reed also said that the driver would have been charged with driving while revoked, and the vehicle would have been towed and searched incident to the arrest, if the cocaine had not been discovered during the search at the scene.  Defendant testified that Reed never asked if he had a valid license.

Based on the evidence, the trial court denied defendant's motion to quash arrest and suppress evidence.  The court reasoned that when Reed asked for defendant's identification, he intended to find out if defendant had a valid driver's license to avoid having the vehicle towed.  The driver's license check co-incidentally revealed an active warrant for defendant's arrest. Therefore, the court reasoned, Reed acted properly in arresting defendant and conducting a search incident to the arrest.  

At trial, defendant testified that he met Weathersby on the day of the arrest and requested a ride to a liquor store.  He said he was unaware of any cocaine until Reed pulled the rock out of his pocket.  He said he cut hair for people and used the "Chore Boy" to clean his combs.  Weathersby, testifying for the State, said defendant offered to help him get cocaine in Preston Heights on the date of the arrest.  Weathersby subsequently pleaded guilty to unlawful possession of a controlled substance and received an 18-month term of probation.

Based on the evidence, the jury found defendant guilty as charged.  His post-trial motion was denied, and he was sentenced, as aforesaid.  

ISSUE AND ANALYSIS

Defendant contends that his conviction must be reversed because either (a) Reed was not authorized to ask for his identification, or (b) Reed improperly conveyed the impression that defendant was legally obligated to surrender identification.  In support of his arguments, defendant cites 
People v. Branch
, 295 Ill. App. 3d 110, 692 N.E.2d 398 (1998); and 
People v. Smith
, 266 Ill. App. 3d 362, 640 N.E.2d 647 (1994).  In response, the State argues that (1) defendant's arguments are waived by his failure to include the suppression issue in his post-trial motion; (2) the trial court's ruling on the suppression motion was not manifestly erroneous; and (3) the court's ruling should be sustained on the ground of inevitable discovery.

1.  Waiver

Initially, we reject the State's waiver argument.  The waiver rule is a limitation on the parties, and not on the court's jurisdiction.  
People v. Shaw
, 186 Ill. 2d 301, 713 N.E.2d 1161 (1998).  We deem defendant's issue in this case sufficiently significant to merit our review, despite defendant's failure to properly preserve it below.

2.  The Trial Court's Ruling

 Generally, a circuit court's ruling on a motion to quash arrest and suppress evidence should not be reversed unless it is  manifestly erroneous.  
People v. Krueger
, 175 Ill. 2d 60, 675 N.E.2d 604 (1996).  However, where, as here, the facts are uncontroverted, the issue is a question of law which we review 
de
 
novo
.  
Krueger
, 175 Ill. 2d 60, 675 N.E.2d 604.

For fourth amendment purposes, a seizure does not occur merely because a police officer approaches an individual and asks questions.  
Florida v. Bostick
, 501 U.S. 429, 115 L. Ed. 2d 389, 111 S. Ct. 2382 (1991).  Even if an officer has no basis for suspecting an individual of criminal activity, the officer may ask for identification of a person who is lawfully stopped, as long as the officer does not convey the message that compliance with the request is required.  
Bostick
, 501 U.S. 429, 115 L. Ed. 2d 389, 111 S. Ct. 2382.  If a reasonable person in the defendant's position would feel free to disregard the police, the encounter is deemed consensual and will not trigger fourth amendment protection.  
Bostick
, 501 U.S. 429, 115 L. Ed. 2d 389, 111 S. Ct. 2382.

A defendant is lawfully stopped when he is a passenger in a vehicle stopped for a traffic violation.  
People v. Smith
, 266 Ill. App. 3d 362, 640 N.E.2d 647 (1994).  If there is no reason to suspect the passenger of criminal activity, the police may ask for, but may not demand the passenger's identification.  
People v. Jennings
, 185 Ill. App. 3d 164, 541 N.E.2d 155 (1989); 
cf.
 
People v. Branch
, 295 Ill. App. 3d 110, 692 N.E.2d 398 (1998) (holding that officer is not authorized to ask for passenger's identification without reasonable suspicion of criminal activity).  This is because a reasonable person may voluntarily comply with an officer's mere request, but he would not feel free to refuse an officer's order.  
Smith
, 266 Ill. App. 3d 362, 640 N.E.2d 647.  Consequently, the issue on a motion to quash and suppress in such cases is whether a reasonable person in the defendant's position would have felt free to decline the officer's request.  
Smith
, 266 Ill. App. 3d 362, 640 N.E.2d 647; 
Bostick
, 501 U.S. 429, 115 L. Ed. 2d 389, 111 S. Ct. 2382.

In this case, the trial court improperly focused on Reed's subjective intent rather than the totality of the circumstances to determine whether a reasonable person in defendant's position would have felt free to decline Reed's request.  From defendant's perspective, the following scenario unfolded:  Weathersby had just been pulled over by the flashing emergency lights of a Will County deputy sheriff's squad car.  Through radio transmission, the officer caught Weathersby lying about his identification.  Weathersby then admitted that he was driving illegally and was about to be charged with the offense.  At that point, and with no reason to suspect defendant of any wrongdoing, Reed requested defendant's identification.

Offering no explanation for the request, and giving no indication that he merely wanted to ascertain if defendant could drive the vehicle, Reed conveyed the message that compliance with the request for identification was mandatory.  Under the circumstances, no reasonable person would have felt free to disregard the officer and terminate the encounter without tendering identification.  Consequently, we conclude that, under the totality of the circumstances, defendant's compliance was not voluntary, and his motion to quash and suppress should have been granted.  See 
Jennings
, 185 Ill. App. 3d 164, 541 N.E.2d 155.

3.  Inevitable Discovery

Finally, the State argues that, even if the court erred in ruling that Reed acted properly in requesting defendant's identification, the court's ruling on the suppression motion should be sustained on the ground of inevitable discovery.  The inevitable discovery doctrine allows admission of evidence that would otherwise be suppressed if the State establishes that the evidence would have been discovered without reference to the illegal search or seizure.  
People v. Perez
, 258 Ill. App. 3d 133, 630 N.E.2d 158 (1994).

The State theorizes that Reed would have inventoried Weathersby's vehicle prior to towing it, and that discovery of the cocaine in the back seat would have led to a search of defendant's person and discovery of cocaine in his pocket.  This argument leaves too much to speculation.  It is just as likely that defendant would have left the scene and gone about his own business if Reed had told him that the car was going to be towed.

CONCLUSION

For the reasons stated, we conclude that the trial court erred in denying defendant's motion to quash arrest and suppress evidence.  Without the evidence, the prosecution will be unable to proceed against defendant.  Therefore, defendant's conviction is reversed outright.  See 
People v. Blair
, 321 Ill. App. 3d 373, 748 N.E.2d 318 (2001).

Reversed.

SLATER and LYTTON, J.J., concurring.